FILED

2021 Dec-27  PM 04:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| BRIANA L. MORTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No. 2:21-cv-00314-NAD |
| | ) |
| STARBUCKS CORPORATION, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION REGARDING REMAND

For the reasons stated below and on the record in the October 28, 2021 hearing, the court **REMANDS** this case to the Circuit Court for Jefferson County, Alabama.   The court will enter a separate remand order.

## BACKGROUND

**A.    Plaintiff Morton (an Alabama citizen) filed this case in Alabama state court, alleging personal injury claims against Defendant Starbucks and 21 fictitious defendants.**

In January 2021, Plaintiff Briana L. Morton—an Alabama citizen—filed this case in the Jefferson County Circuit Court, alleging claims against Defendant Starbucks Corporation and 21 fictitious defendants.  Doc. 1-1 at 3–4.  This case arose from an incident in which Plaintiff Morton allegedly was burned by hot coffee.

Morton alleged the following:   In July 2019, Morton purchased a cup of coffee at a Starbucks "drive-thru" window in Hoover, Alabama.  Doc. 1-1 at 5.  A

1

Starbucks employee ("barista") handed Morton the cup of coffee with a lid, but the cup collapsed, and the lid "became dislodged."   Doc. 1-1 at 5–6.   The coffee spilled and burned Morton.   Doc. 1-1 at 6.   The barista handed Morton "a few napkins," but "the napkins were of little to no help in extracting the hot coffee from [Morton's] person."   Doc. 1-1 at 6.

Morton alleged in her complaint that, "[u]pon information and belief, had a more absorbent material [i.e., more absorbent than napkins] been made readily available to Plaintiff and/or had the barista been proactive with providing Plaintiff an absorbent material, the severity of Plaintiff's burns would have likely been less severe."   Doc. 1-1 at 6.

The 21 fictitious defendants whom Morton named in her complaint included the defendant who had a duty to inspect Morton's coffee cup and to make sure that the lid was secure (fictitious defendant #8), the defendant who allowed or caused the dangerous condition in this case (fictitious defendant #9), the defendant who had a duty to ensure that Morton's coffee was safe (fictitious defendant #12), and the defendant whose wrongful conduct caused Morton's injury (fictitious defendant #15).   Doc. 1-1 at 3–4.

Morton stated in her complaint that the fictitious defendants "are those persons or entities whose names will be substituted upon learning their true identities."   Doc. 1-1 at 5.   Morton also stated in her complaint that a barista

"whose identity is currently unknown but will be substituted upon learning her/his true identity" served Morton the coffee.   Doc. 1-1 at 5.

In her complaint, Morton alleged claims for negligence, wantonness, negligent/wanton hiring, training and supervision, respondeat superior, and breach of the implied warranty of merchantability.   Doc. 1-1 at 7–13.   Morton also included a section clarifying that all of her claims were alleged as against the fictitious defendants, again stating that she planned to amend the complaint to include the names of those fictitious defendants as soon as she discovered their identities.   Doc. 1-1 at 13–14.

**B.    After Defendant Starbucks had removed this case to federal court based on diversity jurisdiction, Plaintiff Morton learned in discovery that the Starbucks employee who had served her the cup of coffee was Alexia McWaine (also an Alabama citizen).**

On February 26, 2021, Defendant Starbucks timely removed this case based on diversity jurisdiction.[1]   Doc. 1.   In relevant part, Starbucks alleged that the parties were completely diverse because Morton is a resident of Alabama and Starbucks is not.[2]   Doc. 1.

---

[1] "As a general matter, fictitious-party pleading is not permitted in federal court," but a limited exception exists where the plaintiff specifically describes the fictitious defendants.   *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010).   For purposes of removal, a court disregards the citizenship of fictitious parties.   28 U.S.C. § 1441(c).

[2] Residence alone does not suffice to show citizenship for purposes of diversity jurisdiction.   *Travaglio v. American Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir.

The court (Magistrate Judge Cornelius) ruled that Starbucks' notice of removal sufficiently had alleged diversity.   Doc. 17 at 1.   And Starbucks filed its answer to Morton's complaint on February 26, 2021 (the same day that Starbucks removed the case).   Doc. 3.

Prior to removal, Morton had served interrogatories on Starbucks.   Doc. 1-1 at 16–23, 29.   Morton had served those interrogatories along with the complaint in January 2021.   Doc. 1-1 at 29.   Those interrogatories included a request for Starbucks to "[s]pecifically state the full name and address of the person working the drive-thru window who was responsible for delivering Plaintiff her order at the time of the incident."   Doc. 1-1 at 19.

On June 10, 2021 (after removal), Morton's counsel emailed Starbucks because Starbucks had not yet responded to Morton's interrogatories; Starbucks' responses had been due in April 2021, but counsel had requested an extension.   Doc. 25-2 at 2–3.

In that email, Morton's counsel stated that Starbucks' initial disclosures had listed "Alexia McWaine" as a barista with knowledge of the incident, and asked Starbucks to clarify whether McWaine had been the barista who had served Morton the coffee that had spilled.   Doc. 25-2 at 3.   Morton's counsel stated that, if McWaine was not the barista who had served Morton, then he needed to know that

---

2013).   But the record in this case shows that Morton is a *citizen* of Alabama.

barista's name/identity.   Doc. 25-2 at 3.   Morton's counsel stated that Morton would be amenable to an extension on the other interrogatory responses, so long as Starbucks would identify the barista who had served Morton.

Later that day, Starbucks' counsel confirmed that McWaine was the barista who had served Morton.   Doc. 25-2 at 2.

Like Morton, McWaine is an Alabama citizen.   Doc. 15 at 2.

**C.    Judge Cornelius permitted Plaintiff Morton to add Alexia McWaine as a named Defendant, and ordered Defendant Starbucks to show cause why the case should not be remanded for lack of subject matter jurisdiction.**

After the parties unanimously had consented to magistrate judge jurisdiction pursuant to 28 U.S.C § 636(c) (Doc. 10), the court entered a scheduling order (Doc. 13).   The scheduling order provided that neither party could add any claims for relief, defenses, or parties after July 8, 2021.   Doc. 13 at 1.   That scheduling order also provided that, unless a party could amend a pleading as a matter of course under Federal Rule of Civil Procedure 15(a), that party would be required to file a motion for leave before filing any amended pleading.   Doc. 13 at 1.

As explained above, Morton's counsel learned on June 10, 2021, that McWaine had been the barista who had served Morton in the relevant incident. Doc. 25-2 at 2.

On June 11, 2021 (the next day), Morton filed an amended complaint that added McWaine as a named Defendant.   Doc. 15.   Morton's amended complaint

alleged that McWaine is a resident of Alabama.   Doc. 15 at 1–2.   That amended complaint stated that McWaine was "substituted for Fictitious Defendants Nos. 8, 9, 12, and/or 15 as listed in Plaintiff's original Complaint."   Doc. 15 at 1–2.

Furthermore, Morton's amended complaint identified McWaine as the barista who had served Morton in the relevant incident.   Doc. 15 at 2–3.   Morton alleged all of her claims against McWaine, except for the claim for breach of the implied warranty of merchantability.   Doc. 15 at 5–14.

Morton's amended complaint stated that this court did not have diversity jurisdiction over the case because McWaine is a resident of Alabama.[3]   Doc. 15 at 2.

While Morton filed that amended complaint without leave of court and without Starbucks' consent, Judge Cornelius ruled that Morton properly had filed the amended complaint, and granted leave to amend *nunc pro tunc* pursuant to Rule 15.   Doc. 17 at 2 n.2.

In that same order, Judge Cornelius ordered Starbucks to show cause why the case should not be remanded for lack of diversity jurisdiction.   Doc. 17.

---

[3] As discussed above (with respect to Morton), residence is not the same as citizenship for purposes of diversity jurisdiction.   *Travaglio,* 735 F.3d at 1269.   But (again, as with Morton), the record in this case shows that McWaine is a citizen of Alabama.

Starbucks filed its response to that order to show cause, arguing that the court should "reverse its decision to allow the amendment of Plaintiff's Complaint," deny joinder of McWaine, and maintain jurisdiction over the case.   Doc. 20 at 5–6.

### D.   The parties provided supplemental briefing on the jurisdictional issues.

This case was reassigned to the undersigned on August 30, 2021.   Doc. 22. After a status conference on September 9, 2021, the undersigned ordered supplemental briefing on the jurisdictional issues.   Doc. 24.   Morton filed a response, arguing that the court should remand the case for lack of jurisdiction. Doc. 25.   Starbucks filed a reply, arguing that the court should reconsider the decision to allow Morton to amend the complaint in order to add McWaine as a named Defendant, and that the court should retain jurisdiction over the case.   Doc. 26.

The undersigned held a hearing on these jurisdictional issues on October 28, 2021.  *See* Minute Entry (Entered: 10/28/2021).   Among other things, in light of Starbucks' briefing on the jurisdictional issues, Starbucks' counsel orally moved for reconsideration of the prior order that had permitted Morton to add McWaine as a named Defendant.

### LEGAL STANDARD

"Federal courts are courts of limited jurisdiction."  *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).   Generally speaking, federal subject matter

jurisdiction over a civil case requires either a question "arising under the Constitution, laws, or treaties of the United States" (28 U.S.C. § 1331), or complete diversity of citizenship (28 U.S.C. § 1332).

With respect to diversity, a federal court has jurisdiction where the matter "is between . . . citizens of different States," and where the amount "in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1).

In addition, a defendant generally can remove from state court to federal court "any civil action brought" in state court over which the "district courts of the United States [would] have original jurisdiction." 28 U.S.C. § 1441(a).

"[T]he burden of establishing removal jurisdiction rests with the defendant seeking removal." *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013). In this regard, the "removal statutes are construed narrowly"; and, "where [the] plaintiff and [the] defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.

Moreover, the plaintiff is "the master of the complaint," and is "free to avoid federal jurisdiction" by "structuring [her] case to fall short of a requirement of federal jurisdiction," so long as "the method of avoidance is not fraudulent." *Scimone*, 720 F.3d at 882 (quotation marks and citation omitted).

If "at any time" after a defendant has removed a case to federal court but

"before final judgment," it "appears that the district court lacks subject matter jurisdiction," then "the case shall be remanded."   28 U.S.C. § 1447(c).

## DISCUSSION

I.  **The addition of Alexia McWaine as a named Defendant destroyed complete diversity and requires remand because Defendant McWaine and Plaintiff Morton both are Alabama citizens.**

The court must remand this case back to Alabama state court because the addition of Alexia McWaine as a named Defendant destroyed complete diversity. Defendant McWaine and Plaintiff Morton both are Alabama citizens.   Doc. 15 at 2; Doc. 20 at 1; Doc. 21 at 2; Doc. 25 at 7–8; Doc. 25-3; Doc. 26 at 1; *see Ingram v. CSX Transport, Inc.*, 146 F.3d 858, 861 (11th Cir. 1998)   ("It is axiomatic that lack of complete diversity between the parties deprives federal courts of jurisdiction over a lawsuit.").   Accordingly, the prior order permitting Morton to amend the complaint—and add McWaine as a named Defendant—means that the court now lacks diversity jurisdiction under 28 U.S.C. § 1332, and must remand the case pursuant to 28 U.S.C. § 1447(c).

II. **Defendant Starbucks has not shown the extraordinary circumstances necessary for reconsideration of the prior order permitting Plaintiff Morton to amend the complaint in order to add Alexia McWaine as a named Defendant.**

As a threshold matter, Defendant Starbucks' counsel acknowledged in the hearing that the court would have to grant a motion for reconsideration in order to retain jurisdiction over this case.   In that regard, Starbucks' position was consistent

with its briefing on these jurisdictional issues.   Doc. 20 at 5–9; Doc. 26 at 2–3.

But in its briefing and oral argument Starbucks has not shown the extraordinary circumstances necessary for the court to reconsider the prior order permitting Plaintiff Morton to amend the complaint in order to add Alexia McWaine as a named Defendant.   "[A]s a rule," while a court can reconsider a prior order, a "court[] should be loath to do so in the absence of extraordinary circumstances," such as "where the initial decision was clearly erroneous and would work a manifest injustice."   *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1370 (11th Cir. 2003) (quoting *Christianson v. Colt Indus. Op. Corp.*, 486 U.S. 800, 817 (1988)).

As such, the only grounds for a court to grant a motion for reconsideration are "newly-discovered evidence or manifest errors of law or fact."   *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).[4]

As explained above, Judge Cornelius permitted Morton to amend the complaint to add McWaine as a named Defendant based on Federal Rule of Civil Procedure 15.   Doc. 17 at 2 n. 2.

Rule 15 provides that, unless a party can amend its pleading as a matter of course, a party only can amend with either leave of court or the opposing party's

---

[4] This standard applies specifically to motions for reconsideration of final judgments under Federal Rules of Civil Procedure 59(e) and 60(b), but the Eleventh Circuit applies it broadly.  *See Hickerson v. Enterprise Leasing Co. of Ga., LLC*, 818 F. App'x 880, 885 (11th Cir. 2020) (applying a Rule 59(e)/60(b) standard to a motion for reconsideration of the denial of a motion to amend).

consent.  Fed. R. Civ. P. 15(a).  Rule 15 also provides that a court should freely grant leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).

Here, Morton filed the amended complaint without leave of court and without Starbucks' consent.[5]  But, pursuant to Rule 15, Judge Cornelius retroactively granted leave and permitted that amendment, ruling that justice so required.  Doc. 17 at 2 n.2.

Starbucks has not shown any basis for the court now to reconsider that prior order.  Starbucks has not identified any "newly-discovered evidence" or "manifest error[]" of "fact," and cannot show that the prior order was a "manifest error[] of law" under Rule 15.  *See Arthur*, 500 F.3d at 1343.  As a result, the court must **DENY** Starbucks' motion for reconsideration.

## III.   The result would be the same, even if the court were to reconsider that prior order under a joinder analysis pursuant to Federal Rule of Civil Procedure 20 and 28 U.S.C. § 1447(e).

The court still would order remand, even if the court were to reconsider that prior order under a joinder analysis pursuant to Federal Rule of Civil Procedure 20 and 28 U.S.C. § 1447(e).  Defendant Starbucks argues that the court should reconsider the prior order granting Plaintiff Morton leave to add Alexia McWaine as a named Defendant not just under the Rule 15 provisions governing amendment,

---

[5] In this case, Morton's time to amend as a matter of course lapsed on March 19, 2021—21 days after Starbucks had filed its answer.  *See* Fed. R. Civ. P. 15(a)(1)(B).

but under the rules governing joinder.   Doc. 20; Doc. 26.

Federal Rule of Civil Procedure 20 governs permissive joinder of parties. And, under 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *Id.*

According to Starbucks, because McWaine's "joinder" as a named Defendant "would destroy subject matter jurisdiction" over this case, the court should reconsider and "deny joinder" (*id.*), based on the analysis under Rule 20 and 28 U.S.C. § 1447(e).   Doc. 20 at 4–9; Doc. 26 at 4–9.

The court must acknowledge that the interplay is murky between the rules governing amendment and joinder in a situation like this—that is, where a plaintiff seeks to add a named defendant in place of a fictitious defendant, and where the addition of that defendant would destroy complete diversity of citizenship for purposes of federal subject matter jurisdiction.[6]   But, at least in this case, the

---

[6] Many courts in this district have expressed doubt that the joinder analysis under § 1447(e) applies where a plaintiff seeks to amend a complaint to name a fictitious defendant.   *See, e.g.*, *Smith v. Dollar General Corp.*, No. 1:16-CV-1673-SGC, 2017 WL 3492831, at *2 (N.D. Ala. Aug. 15, 2017); *Taylor v. Alabama CVS Pharmacy, L.L.C.*, No. 7:16-CV-1827-TMP, 2017 WL 3009695, at *5 (N.D. Ala. July 14, 2017).   In those cases, the courts reasoned that an amendment to name a previously fictitious defendant was akin to a substitution—as to which § 1447(e) does not apply—rather than the joinder of a new party.   *See, e.g.*, *Dollar General Corp.*, 2017 WL 3492831, at *2; *Taylor*, 2017 WL 3009695, at *5; *see also Ingram*, 146

question whether § 1447(e) should apply is academic; the result still would be the same, even if the court were to reconsider the prior order permitting Morton to amend her complaint, and even assuming that § 1447(e) does apply.

In this regard, the Eleventh Circuit "has no binding precedent that addresses how a district court should decide whether to permit the joinder of a non-diverse defendant after removal." *Hickerson v. Enterprise Leasing Co. of Ga., LLC*, 818 F. App'x 880, 885 (11th Cir. 2020).   But, in unpublished decisions, the Eleventh Circuit has applied the balancing test from *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987).   *See, e.g.*, *Hickerson*, 818 F. App'x at 885; *Dever v. Family Dollar Stores of Ga., LLC*, 755 F. App'x 866, 869 (11th Cir. 2018).

In *Hensgens*, the Fifth Circuit held that a court faced with these circumstances should consider the following four factors:   (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction"; (2) "whether plaintiff has been dilatory in asking for amendment"; (3) "whether plaintiff will be significantly injured if amendment is not allowed"; and (4) "any other factors bearing on the equities."   *Hensgens*, 833 F.2d at 1182; *see also*, *e.g.*, *Jones v. Rent-A-Center East, Inc.*, 356 F. Supp. 2d 1273, 1276–77 (M.D. Ala. 2005) (applying the *Hensgens* factors to an analysis under § 1447(e)).

---

F.3d at 861 (distinguishing the substitution of a party under Federal Rule of Civil Procedure 25(c) from a joinder under Rule 20 and § 1447(e)).

Moreover, "[u]nder Section 1447(e), the actual decision on whether . . . to permit joinder of a defendant . . . is committed to the sound discretion of the district court." *Norwood v. Tractor Supply Co., Inc.*, No. CV-11-S-3710-NE, 2012 WL 13026678, at \*3 (N.D. Ala. Apr. 10, 2012) (quoting *Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999)).

So, when faced with a motion to join a non-diverse defendant in a case that the defendant has removed on diversity grounds, a district court "should scrutinize th[e] [proposed] amendment more closely than an ordinary amendment." *Smith v. White Consol. Indus., Inc.*, 229 F. Supp. 2d 1275, 1281 (N.D. Ala. 2002). Indeed, the court should deny leave to amend "unless strong equities support the amendment." *Id.*

In this case, consideration of the four *Hensgens* factors points to remand:

***1.*** The first *Hensgens* factor requires the court to examine whether the purpose of Morton's amendment was to defeat federal jurisdiction. *See Hensgens*, 833 F.2d at 1182. The record shows that it was not.

As discussed above, the record in this case demonstrates that, from the time that Morton first filed her complaint in state court, Morton intended to include as a defendant the barista who allegedly had caused the injury. *See* Doc. 1-1 at 5–6, 13–14. Because Morton clearly intended to include McWaine as a defendant before Starbucks ever sought removal to federal court, Morton's proposed amendment to

add McWaine as a named Defendant was not an attempt to defeat federal jurisdiction, and the first *Hensgens* factor favors joinder/remand.  *See Norwood*, 2012 WL 13026678, at *3 (finding that the addition of newly identified defendants who previously had been fictitiously pleaded was not "merely an attempt to defeat federal jurisdiction"); *Hensgens*, 833 F.2d at 1182.

*2.*   The second *Hensgens* factor requires the court to assess whether Morton was dilatory in seeking joinder.  *See Hensgens*, 833 F.2d at 1182.  The record shows that she was not.

As explained above, in January 2021 (on the same day that she served Starbucks with the initial complaint in state court), Morton served Starbucks with interrogatories, seeking to identify the barista who allegedly had caused the injury. Doc. 1-1 at 19, 29.   Starbucks did not respond to identify that barista until June 10, 2021, when Morton's counsel took the affirmative step of emailing Starbucks' counsel.  Doc. 25-2 at 2–3.

The next day (June 11, 2021), Morton filed her amended complaint, adding McWaine as a named Defendant.   Doc. 15.   And, while Morton filed the amended complaint after the time to amend her complaint as a matter of course pursuant to Rule 15(a)(1)(B), she did file before the court-ordered deadline to add parties, which was July 8, 2021.[7]   Doc. 13 at 1.   She also filed the amended complaint within four

---

[7] For that reason, Morton could file an amended complaint pursuant to Rule 15,

months of Starbucks' having removed the case to federal court.   *See, e.g.*, *Estate of Reynolds v. Proctor & Gamble Distrib., LLC*, No. 3:17CV864-SRW, 2018 WL 6070345, at *6 (M.D. Ala. Nov. 20, 2018) (finding that the plaintiff was not dilatory for adding a defendant "three months after the case was removed from state court").  Because Morton was not dilatory, the second *Hensgens* factor favors joinder/remand.   *See Hensgens*, 833 F.2d at 1182.

*3.*   On the third *Hensgens* factor, the court assesses whether Morton would be significantly injured if the court were to deny the proposed amendment.   *See Hensgens*, 833 F.2d at 1182.   The court finds that this factor does not clearly favor either party.

Starbucks argues that Morton would not be injured because she alleges a claim for respondeat superior against Starbucks.   According to Starbucks, in light of that respondeat superior claim, Morton "can obtain all of the relief to which she is entitled for the actions of McWaine," because Starbucks concedes that McWaine was acting in the line and scope of her employment during the relevant incident.   Doc. 20 at 7–8.

But, even though a judgment against Starbucks potentially could afford Morton complete relief based on respondeat superior, that result "is by no means

---

without having to show "good cause" under Federal Rule of Civil Procedure 16(b)(4).   *See Southern Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009).

certain" at this time.[8]   Indeed, Morton alleged claims for negligence and wantonness against McWaine individually, and argues that those claims "turn upon the actions of Ms. McWaine."   Doc. 25 at 10.   As explained above, a plaintiff is the master of her complaint.   *See Scimone*, 720 F.3d at 882.   Thus, consideration of the injury factor appears neutral.   *See Hensgens*, 833 F.2d at 1182.

*4.*   On the fourth and final *Hensgens* factor, the court considers "any other factors bearing on the equities."   *Hensgens*, 833 F.2d at 1182.   Here, the equities appear to favor Morton.

Starbucks is correct that, as a general matter, "the defendant's right to choose a federal forum weighs against amendment," where a plaintiff seeks to join a defendant that would destroy diversity jurisdiction.   *See Norwood*, 2012 WL 13026678, at *4 (citing *Hensgens*, 833 F.3d at 1181).

But, notwithstanding the defendant's right to choose a federal forum, the Eleventh Circuit has recognized both that a plaintiff is the master of the complaint, and that the plaintiff intentionally can plead to defeat federal jurisdiction—so long as that pleading is not fraudulent.   *Scimone*, 720 F.3d at 882.

---

[8] *Dollar General Corp.*, 2017 WL 3492831, at *3 (finding, where all of the plaintiff's claims were based on respondeat superior, that complete relief was not certain without joining additional defendants) (citing *Sharp v. Wal-Mart Stores, Inc.*, No. 06-0817, 2007 WL 215644, at *4 (S.D. Ala. Jan. 25, 2007)); *see also Frias v. Target Corp.*, No. 820CV01723TPBJSS, 2021 WL 2808717, at *2 (M.D. Fla. Jan. 29, 2021) (similar).

17

Practically speaking, the record seems clear that, if Morton had known McWaine's name/identity in January 2021, she would have named McWaine as a Defendant in her initial complaint in state court.   Under those circumstances, Starbucks never could have removed this case in the first place.   So, the equities appear to favor joinder/remand.[9]

\*       \*       \*

Accordingly, even if the court were to reconsider on a joinder analysis, and even assuming that 28 U.S.C. § 1447(e) were to apply, the *Hensgens* factors still would support remand.   *See Hensgens*, 833 F.2d at 1182.   The court must **DENY** Starbucks' motion for reconsideration on those grounds too.

## CONCLUSION

For the reasons stated above, the court **DIRECTS** the Clerk of Court to **REMAND** this case to the Circuit Court for Jefferson County, Alabama.   The court

---

[9] As an additional consideration, judicial economy weighs in favor of remand where a plaintiff's "only avenue for protecting the full measure of her interests would be to file a parallel lawsuit in state court."   *Smith*, No. 1:16-CV-1673-SGC, 2017 WL 3492831, at \*3.   If Morton could not add McWaine as a named Defendant (and the court were to retain jurisdiction), then her only option to pursue litigation against McWaine individually would be to file a parallel action in state court.

separately will enter a remand order.

       **DONE** and **ORDERED** this December 27, 2021.

                    _____

                    **NICHOLAS A. DANELLA**

                UNITED STATES MAGISTRATE JUDGE